# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANNA BOWER and
BENJAMIN WITTES,[1]

      *Plaintiffs*,

  vs.

U.S. DEPARTMENT OF JUSTICE,
    950 Pennsylvania Avenue, NW
    Washington, DC 20530-0001,

    *Defendant*.

Case No.: 1:26-cv-215

**COMPLAINT**
**(Freedom of Information Act)**

---

[1] Pursuant to Local Civil Rule 5.1.(c)(1), Plaintiffs' addresses are being filed under seal with the Court in a separate Notice.

# INTRODUCTION

1.      The U.S. Department of Justice (DOJ) enjoys significant discretion when exercising its settlement authority in cases brought by or against the federal government.  The Trump Administration's use of that authority has become an increasing subject of public scrutiny. For example, in what appeared to be a choreographed maneuver, DOJ filed suit challenging a Texas state law last June, only to turn around and settle with Texas just a few hours later.[2] Reporting also suggests that President Trump has demanded DOJ pay him more than $200 million in compensation for past cases against him, and those potential settlements may be reviewed by the President's former defense lawyers who now hold high-level positions at the agency.[3]  And others have reported that Michael Flynn—who originally pleaded guilty to "making materially false statements and omissions" to the FBI before withdrawing that plea and accepting a pardon from President Trump—is in settlement negotiations over his $50 million lawsuit against DOJ.[4]

2.      These and other examples raise serious questions about how taxpayer dollars are being used to resolve alleged disputes, and whether the Trump Administration is improperly using its authority.

3.      Anna Bower and Benjamin Wittes (Plaintiffs) are journalists at *Lawfare*, a non-profit, non-partisan media organization dedicated to legal news and analysis.[5]  Plaintiffs' reporting covers a range of topics including democracy, the rule of law, separation of powers, and

---

[2] https://www.justice.gov/opa/pr/justice-department-texas-reach-agreement-end-state-tuition-illegal-aliens.
[3] https://www.nytimes.com/2025/10/21/us/politics/trump-justice-department-compensation.html.
[4] https://news.bloomberglaw.com/us-law-week/michael-flynn-doj-in-settlement-talks-over-50-million-claim.
[5] https://www.lawfaremedia.org/.

constitutional issues, and both Ms. Bower and Mr. Wittes have reported on and reviewed aspects of DOJ's conduct under the second Trump Administration.

4.     Owing to important principles of openness in government and in judicial proceedings specifically, settlement agreements are generally not confidential. *See* 28 C.F.R. § 50.23. To obtain access to this critical information, Plaintiffs submitted a Freedom of Information Act (FOIA) request to DOJ on December 2, 2025, requesting records about DOJ's recent use of its settlement authority. DOJ acknowledged receipt of the request but has not released any responsive records to date, in violation of the agency's duties under the FOIA statute.

5.     Accordingly, Plaintiffs bring this action to compel expedited processing and disclosure of records relating to settlement agreements approved by DOJ since President Trump took office last January.

## PARTIES

6.     Anna Bower is a Senior Editor at *Lawfare*, a non-profit, non-partisan media organization dedicated to legal news and analysis. At *Lawfare*, Ms. Bower's reporting focuses on issues related to democracy and the rule of law, including actions by DOJ. Ms. Bower has reported on, for example, the indictment of former FBI Director James Comey,[6] Federal Reserve Governor Lisa Cook's lawsuit challenging her removal,[7] Kilmar Abrego Garcia's lawsuit against the Department of Homeland Security,[8] and the District of Columbia's lawsuit over control of the city's police department.[9]

---

[6] https://www.lawfaremedia.org/article/more-trouble-for-the-comey-indictment.
[7] https://www.lawfaremedia.org/article/what-happened-during-fed-governor-cook-s-hearing.
[8] https://www.lawfaremedia.org/article/abrego-garcia-v.-noem--a-hearing-diary.
[9] https://www.lawfaremedia.org/article/district-of-columbia-v.-trump--a-hearing-diary.

7.      Benjamin Wittes is editor in chief of *Lawfare*, which he co-founded in 2010.  In his own writing, he covers a range of issues related to the intersection of law and national security.[10]  In particular, he has written extensively about constitutional and separation of powers issues in connection with executive orders and administrative actions during the second Trump Administration.  In his editorial capacity, he supervises *Lawfare*'s editorial policies and projects, including its work related to DOJ.

8.      Defendant U.S. Department of Justice is an agency of the United States government within the meaning of 5 U.S.C. § 552(f)(1).  *See* 28 U.S.C. § 501.  DOJ has possession, custody, and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

10.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B).

## PLAINTIFFS' FOIA REQUEST

11.      On December 2, 2025, Plaintiffs submitted a FOIA request to Defendant (Request).  A copy of the Request is attached to this Complaint as **Exhibit A**.  In the Request, Plaintiffs seek access to the following records:

1.  Any and all settlement agreements, to include any record of finalized, agreed upon terms for settling, resolving, or satisfying any claim or threatened claim against the U.S. Government or any of its departments, agencies, entities, officials, officers, or other employees, whether the claim is pursued or threatened to be pursued in any court or before any agency or administrative body.

2.  Any formal or informal guidance or directives regarding self-dealing, conflicts of interest, and/or ethical requirements related to the settlement process.

---

[10] https://www.lawfaremedia.org/contributors/bwittes; https://benjaminwittes.com/.

Ex. A at 2.

12.     The Request seeks records from January 20, 2025, to the date the search is conducted. Ex. A at 2.

13.     The Request is also limited to certain components at DOJ, specifically: "Civil Division, Tax Division, Civil Rights Division, Antitrust Division, Office of the Attorney General, Office of the Deputy Attorney General, Office of the Associate Attorney General, Office of Legal Counsel, and Office of Information Policy." Ex. A at 2. Plaintiffs also stated in the Request that they "are not seeking settlement agreements entered into by only a U.S. Attorney's Office without the involvement of any other component of the Department." Ex. A at 2.

14.     Plaintiffs requested expedited processing of the Request given the compelling need for the records, more specifically, that "the information requested is urgently needed by a person primarily engaged in disseminating information to inform the public concerning actual or alleged Federal Government activity." Ex. A at 3 (quotation marks omitted). *See* 5 U.S.C. § 552(a)(6)(E)(v)(II). As journalists and members of the media, Plaintiffs qualify for expedited processing. And information about settlements by the Department, particularly given the possibility of settlements suggesting conflicts of interest or impermissible collusion, constitutes critical information owed to the American public.

15.     Plaintiffs also requested waiver or reduction of search, processing, and duplication fees, on the ground that disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government," and is "not primarily in the commercial interest of the requester." Ex. A at 4 (quotation marks omitted). *See* 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.10. Because the requested records concern core DOJ

functions and the expenditure of taxpayer funds, disclosure will contribute to public understanding of the operations of the agency.

16.     In addition, Plaintiffs separately requested a waiver or reduction of fees because Plaintiffs "qualify as representatives of the news media, and the records are not sought for commercial use." Ex. A at 4. *See* 5 U.S.C. § 552(a)(4)(A)(ii)(II); 28 C.F.R. § 16.10(b)(6). As journalists, Plaintiffs are representatives of the news media seeking the requested records to disseminate information to the public, which is not a commercial use.

17.     On December 5, 2025, Defendant acknowledged receipt of Plaintiffs' Request, assigned it tracking number EMRUFOIA120225, and referred the Request to the Executive Office for U.S. Attorneys.

18.     On December 8, 2025, the Executive Office for United States Attorneys acknowledged receipt of Plaintiffs Request and assigned it a new tracking number: EOUSA-2026-000808. In that letter, Defendant claimed to "extend[] the time limit to respond to [y]our request beyond the ten additional days provided by the statute."

19.     On January 21, 2026, Defendant denied Plaintiffs' request for expedited treatment. This same written communication stated that "[n]o determination has been made regarding [the fee waiver] request at this time."

20.     Plaintiffs have not received any substantive communications from Defendant regarding the Request, nor has Defendant released any records to Plaintiffs in response to the Request.

21.     Because Defendant has failed to make a determination on Plaintiffs' Request within the time period required by law, Plaintiffs are deemed to have exhausted administrative remedies. *See* 5 U.S.C. § 552(a)(6)(A), (a)(6)(C)(i).

## CLAIM FOR RELIEF (FOIA)

22.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs as though fully set forth herein.

23.    Defendant is in violation of FOIA.

24.    Defendant's failure to promptly make available the records sought by the Request violates FOIA, 5 U.S.C. § 552(a)(3)(A).

25.    Defendant's failure to make an adequate search for records responsive to the Request violates FOIA, 5 U.S.C. § 552(a)(3)(C), (D).

26.    Defendant's failure to grant Plaintiffs' requests for a waiver of search, processing, and duplication fees violates FOIA, 5 U.S.C. § 552(a)(4).

27.    Defendant's denial of Plaintiffs' request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E).

28.    Defendant's failure to comply with time limits under FOIA bars Defendant from charging Plaintiffs search, processing, or duplication fees.  5 U.S.C. § 552(a)(4)(A)(viii).

29.    Plaintiffs are being irreparably harmed by Defendant's violation of FOIA, and Plaintiffs will continue to be irreparably harmed unless Defendant is compelled to comply with its statutory obligations.

## PRAYER FOR RELIEF

For these reasons, Plaintiffs request that the Court award the following relief:

a.    Order Defendant to grant Plaintiffs' request for expedited processing, to process Plaintiffs' FOIA Request on an expedited basis, and to immediately release to Plaintiffs the records sought in the Request;

b.   Enjoin Defendant from continuing to withhold any and all non-exempt responsive records;

c.   Enjoin Defendant from charging Plaintiffs search, review, or duplication fees associated with processing the Request;

d.   Award Plaintiffs costs and reasonable attorneys' fees incurred in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

e.   Grant such other relief as the Court may deem just and proper.


Dated: January 24, 2026                    Respectfully submitted,

                                           _/s/ Clayton L. Bailey_____
                                           Clayton L. Bailey (DC Bar No. 1644867)
                                           Margaret (Emmy) Wydman* (DC Bar No. 90007646)
                                           **Civil Service Law Center LLP**
                                           1455 Pennsylvania Ave NW, Suite 400
                                           Washington, DC 20004
                                           (202) 571-7836
                                           cbailey@civilservicellp.com
                                           ewydman@civilservicellp.com

                                           *application for admission pending per LCvR 5.1(c)(2)