

1325 G Street NW
Suite 500, PMB 801
Washington, DC 20005
info@civilservicellp.com

December 2, 2025

**Via Email**

FOIA/PA Mail Referral Unit
Department of Justice
Room 115, LOC Building
Washington, DC 20530-0001
(202) 616-3837
MRUFOIA.Requests@usdoj.gov

**Re:   FOIA Request // Expedited Processing Requested**

To Whom It May Concern:

On behalf of journalists Anna Bower and Benjamin Wittes, we submit this Freedom of Information Act ("FOIA") request for records relating to settlements by the Department of Justice ("Department" or "DOJ").

As part of the Department of Justice's authority to conduct litigation on behalf of the United States, the agency has broad discretion to settle cases.  *See* 28 U.S.C. § 516.  These settlement agreements are generally not confidential.  *See* 28 C.F.R. § 50.23.  While settlement is an important tool used by government lawyers to limit expense to the government and compensate injured individuals, settlement can also funnel millions of dollars to private parties with relatively little oversight.  Settlements can even result in broader policy decisions that affect many people beyond the original claims.

In recent months, DOJ's use of this settlement authority has become a matter of increasing public attention.  Recent reporting suggested that President Trump is "demanding that the Justice Department pay him about $230 million in compensation" for administrative claims, which are typically reviewed by officials in positions now held by the President's former defense lawyers.[1]  Others have reported that Michael Flynn—who originally pleaded guilty to "making materially false statements and omissions" to the FBI before withdrawing that plea and accepting a pardon from President Trump—is in settlement negotiations over his $50 million lawsuit against DOJ.[2]  And in June, DOJ settled with Texas just hours after filing a complaint challenging a Texas state law.[3]  This is no doubt just a small portion of recent settlement activity by the Department.

---

[1] https://www.nytimes.com/2025/10/21/us/politics/trump-justice-department-compensation.html.
[2] https://news.bloomberglaw.com/us-law-week/michael-flynn-doj-in-settlement-talks-over-50-million-claim.
[3] https://www.justice.gov/opa/pr/justice-department-texas-reach-agreement-end-state-tuition-illegal-aliens.

Ms. Bower and Mr. Wittes request certain settlement agreements, as further defined below, entered into since January 20, 2025, so as to provide the American public with information concerning the use of taxpayer dollars to resolve alleged disputes.

## I.     Requested Records

Ms. Bower and Mr. Wittes request that the Department of Justice produce the following within twenty (20) business days:

1. Any and all settlement agreements, to include any record of finalized, agreed upon terms for settling, resolving, or satisfying any claim or threatened claim against the U.S. Government or any of its departments, agencies, entities, officials, officers, or other employees, whether the claim is pursued or threatened to be pursued in any court or before any agency or administrative body.

2. Any formal or informal guidance or directives regarding self-dealing, conflicts of interest, and/or ethical requirements related to the settlement process.

Please limit this search to the following components at the Department of Justice: Civil Division, Tax Division, Civil Rights Division, Antitrust Division, Office of the Attorney General, Office of the Deputy Attorney General, Office of the Associate Attorney General, Office of Legal Counsel, and Office of Information Policy.  For avoidance of doubt, we are not seeking settlement agreements entered into by only a U.S. Attorney's Office without the involvement of any other component of the Department.

The time period for these requests is January 20, 2025, to the date the search is conducted.

Please search for records regardless of format, including paper records, electronic records, photographs, data, and graphical materials.  This request includes, without limitation, all correspondence, letters, emails, text messages, facsimiles, and transcripts, notes, minutes, or audio or video recordings.

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).  In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated.  *See* 5 U.S.C. § 552(b).  Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).  Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document.  *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

## II. Expedited Processing

We request that the Department expedite its processing of the requests above. There is a "compelling need" for these records, as defined in the statute, because the information requested is "urgen[tly]" needed "by a person primarily engaged in disseminating information" "to inform the public concerning actual or alleged Federal Government activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

Ms. Bower is a Senior Editor at *Lawfare*, a non-profit, non-partisan media organization dedicated to legal news and analysis.[4] At *Lawfare*, Ms. Bower's reporting focuses on issues related to democracy and the rule of law, including actions by the Department. Ms. Bower has reported on, for example, the indictment of former FBI Director James Comey,[5] Federal Reserve Governor Lisa Cook's lawsuit challenging her removal,[6] Kilmar Abrego Garcia's lawsuit against the Department of Homeland Security,[7] and the District of Columbia's lawsuit over control of the city's police department.[8]

Mr. Wittes is editor in chief of *Lawfare*, which he co-founded in 2010.[9] In his own writing, he covers a range of issues related to the intersection of law and national security. In particular, he has written extensively about constitutional and separation of powers issues in connection with a range of President Trump's executive orders and administrative actions in 2025. In his editorial capacity, he supervises all of *Lawfare*'s editorial policies and projects, including all of its work on DOJ.

"Courts regularly find that reporters and members of the media qualify" for expedited processing under 5 U.S.C. § 552(a)(6)(E). *Landmark Legal Found. v. E.P.A.*, 910 F. Supp. 2d 270, 275 (D.D.C. 2012). And settlements by the Department, particularly given the possibility of settlements suggesting a conflict of interest or impermissible collusion, constitutes critical information owed to the American public.

---

[4] https://www.lawfaremedia.org/contributors/abower.
[5] https://www.lawfaremedia.org/article/more-trouble-for-the-comey-indictment.
[6] https://www.lawfaremedia.org/article/what-happened-during-fed-governor-cook-s-hearing.
[7] https://www.lawfaremedia.org/article/judge-xinis-holds-status-conference-in-abrego-garcia.-v.-noem-et-al.
[8] https://www.lawfaremedia.org/article/district-of-columbia-v.-trump--a-hearing-diary.
[9] https://www.lawfaremedia.org/contributors/bwittes.

### III.  Fee Waiver

We also request that any fees associated with responding to this FOIA request be waived pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10.  Pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 28 C.F.R. § 16.10, fees should be waived or reduced if disclosure is (1) "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government" and (2) "not primarily in the commercial interest of the requester."  Disclosure in this case meets both of these requirements.  We also separately request a waiver or reduction of fees on the grounds that the requesters, Ms. Bower and Mr. Wittes, qualify as "representative[s] of the news media," and the records are "not sought for commercial use."  5 U.S.C. § 552(a)(4)(A)(ii)(II).

As discussed above, this request concerns records related to core functions of the Department of Justice and the expenditure of taxpayer funds.  Disclosing these records will therefore contribute to public understanding of the operations of the Department.  Separately, Ms. Bower and Mr. Wittes are plainly representatives of the news media.  *See Liberman v. U.S. Dep't of Transportation*, 227 F. Supp. 3d 1, 11 (D.D.C. 2016).  And "the D.C. Circuit has made clear that news-media entities that are seeking information in service of their basic function—disseminating information to the public—are eligible for the fee waiver because public dissemination is not a 'commercial use' of the requested records."  *Id.* at 14; *see also* 28 C.F.R. § 16.10(b)(6) ("A request for records supporting the news-dissemination function of the requester shall not be considered to be for a commercial use.").

If our request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $250.  If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

* * *

If you need clarification as to the scope of this request, have any questions, or foresee any obstacles to releasing fully the requested records within the 20-day period, please contact Clayton Bailey as soon as possible at info@civilservicellp.com.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

Clayton L. Bailey

Civil Service Law Center LLP

4