UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANNA BOWER, et al.,

Plaintiffs,

v.

DEPARTMENT OF JUSTICE,

Defendant.

Civil Action No. 26-0215 (CRC)

## ANSWER

Defendant the United States Department of Justice ("DOJ") respectfully submits this Answer to the Complaint filed by Plaintiffs Anna Bower and Benjamin Wittes (collectively, "the Plaintiffs"). To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiffs; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action. Defendant responds to the Complaint in like numbered paragraphs[1] as follows:

### INTRODUCTION

1. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim and thus, the Court should strike it as immaterial and impertinent matters pursuant to Rule 12(f).

---

[1] For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

2. The allegations contained in this paragraph do not set forth a claim for relief or aver facts in support of a claim and thus, the Court should strike it as immaterial and impertinent matters pursuant to Rule 12(f).

3. This paragraph consists of Plaintiffs' characterizations of themselves, about which Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

4. The first sentence of this paragraph consists of Plaintiffs' characterization of a regulation, to which no response is required. To the extent a response is deemed required, Defendant respectfully refers the Court to the cited regulation for a complete and accurate statement of its contents and denies any allegations inconsistent with the text of the regulation. In response to the remainder of this paragraph, Defendant admits only that Plaintiffs submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq.*, that DOJ has acknowledged receipt of the request and has not as of this date produced documents in response to the request, and denies all other allegations.

5. This paragraph characterizes the nature of this action and the relief sought to which no response is required. To the extent any response is required, Defendant admits that Plaintiffs purport to bring this action under FOIA and denies that Plaintiffs are entitled to the requested relief.

**PARTIES**

6. This paragraph consists of Plaintiff Bower's characterizations of herself, about which Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7. This paragraph consists of Plaintiff Wittes' characterizations of himself, about which Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations.

8. Defendant admits that it is a federal agency subject to the FOIA. The remaining allegations in this paragraph consist of conclusions of law, to which no response is required.

## JURISDICTION AND VENUE

9. This paragraph consists of Plaintiffs' conclusions of law regarding jurisdiction, to which no response is required. To the extent a response is deemed required, Defendant admits that this Court has jurisdiction subject to the terms, conditions, and limitations of the FOIA.

10. This paragraph consists of Plaintiffs' conclusions of law regarding venue, to which no response is required. To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district for actions brought under the FOIA.

## PLAINTIFFS' FOIA REQUEST

11. Defendant admits that on December 2, 2025, the Civil Service Law Center submitted on behalf of Plaintiffs the FOIA request at issue in this matter to the Mail Referral Unit ("MRU") of DOJ and that a copy of the request is attached to the Complaint (ECF No. 1-1). Defendant respectfully refers the Court to Plaintiffs' request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

12. This paragraph consists of Plaintiffs' characterization of its FOIA request. Defendant respectfully refers the Court to Plaintiffs' request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

13. This paragraph consists of Plaintiffs' characterization of its FOIA request. Defendant respectfully refers the Court to Plaintiffs' request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.

14. Defendant admits only that the FOIA request purports to include a request for

expedited processing.  The remainder of this paragraph asserts legal conclusions to which no response is required.  To the extent any response is required, Defendant denies those allegations or that Plaintiffs are entitled to requested relief.

15. The allegations contained in first sentence of this paragraph consist of Plaintiffs' characterization of its FOIA request. Defendant respectfully refers the Court to Plaintiffs' request for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the request.  The remaining allegations of this paragraph consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies.

16. Defendant admits only that the FOIA request included a request for a fee waiver. The remainder of this paragraph asserts legal conclusions to which no response is required.  To the extent any response is required, Defendant denies those allegations.

17. Defendant admits that by an email dated December 5, 2025, the DOJ MRU acknowledged receipt of the FOIA request and confirmed referral to the DOJ Executive Office for United States Attorneys ("EOUSA").  Defendant respectfully refers the Court to the December 5, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

18. Defendant admits that by a letter dated December 8, 2025, EOUSA acknowledged receipt of the FOIA request.  Defendant respectfully refers the Court to the December 8, 2025, letter for a complete and accurate statement of its contents and denies any allegations inconsistent with the content of the letter.

19. Defendant admits that by a letter dated January 21, 2026, EOUSA responded to Plaintiffs and denied expedited processing.  Defendant respectfully refers the Court to the January 21, 2026, letter for a complete and accurate statement of its contents and denies any allegations

inconsistent with the content of the letter.

20. Defendant admits that, as of the date the Complaint was filed, it has not provided any further communications regarding Plaintiffs' request or produced any records in response to the request

21. This paragraph consists of Plaintiffs' characterization of the FOIA statute and conclusions of law, to which no response is required.

## CLAIM FOR RELIEF (FOIA)

22. Defendant incorporates by reference its responses to all preceding paragraphs as if fully set forth herein.

23-29. The allegations in these paragraphs consist of conclusions of law, to which no response is required. To the extent a response is required, Defendant denies.

The remaining paragraphs in the Complaint set forth Plaintiffs' request for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations that are contained in the Complaint that are not specifically admitted herein.

## **DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant through the course of this litigation. Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiffs as a matter of law.

## FIRST DEFENSE

Plaintiffs are not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exclusions or exemptions of the FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## SECOND DEFENSE

The Court lacks subject-matter jurisdiction to award relief that exceeds the relief authorized under the FOIA, including but not limited to declaratory relief. *See* 5 U.S.C. § 552(a)(4)(B).

## THIRD DEFENSE

Plaintiffs are neither eligible for nor entitled to attorneys' fees or costs.

## FOURTH DEFENSE

Plaintiffs' FOIA request is improper to the extent it is unduly burdensome or does not reasonably describe the records sought at required by 5 U.S.C. § 552(a)(3)(A).

## FIFTH DEFENSE

Defendant has exercised due diligence in processing Plaintiffs' FOIA request, and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiffs' FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

## SIXTH DEFENSE

Plaintiffs failed to comply with the statutory requirements for requesting expedited processing based on compelling need.

\* \* \*

| | |
|---|---|
| Dated: March 2, 2026 | Respectfully submitted, |

                                                JEANINE FERRIS PIRRO
                                                United States Attorney

                                        By:       /s/ *Dimitar P. Georgiev*
                                                DIMITAR P. GEORGIEV, D.C. Bar #1735756
                                                Assistant United States Attorney
                                                601 D Street, NW
                                                Washington, DC 20530
                                                (202) 252 - 7678

                                                *Attorneys for the United States of America*